IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MARSHALL GATES, | No. C 10-05387 JW (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | |
| ATASCADERO STATE HOSPITAL, et al. | |
| Defendants. | |

Plaintiff, a California inmate at the Coalinga State Hospital, has filed a <u>pro se</u> civil rights complaint under 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed <u>in forma pauperis</u> will be addressed in a separate order.

**DISCUSSION**

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.10\Gates05387_dwlta.wpd

relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Complaint

Plaintiff filed a complaint using the court's form complaint. Plaintiff has typewritten and handwritten portions of the complaint, but the typewritten portions are incomprehensible and the handwritten portions are illegible. The Court is unable to determine if the complaint meets the standards set forth in 28 U.S.C. § 1915A(a). Therefore, the complaint shall be dismissed with leave to amend.

Plaintiff is advised that he must comply with the pleading requirements of the Federal Rules of Civil Procedure. For example, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Furthermore, plaintiff must allege the two essential elements stated above under West v. Atkins, 487 U.S. at 48, to state a claim against individual defendants.

## CONCLUSION

1. Plaintiff's claims are DISMISSED with leave to amend. Plaintiff is directed to file a legible amended complaint, either typewritten or handwritten in a manner in which it can clearly be read, **within thirty (30) days** of the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. He may not incorporate material

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.10\Gates05387_dwlta.wpd        2

from the original complaint by reference.  The amended complaint must set forth specific facts as to each individual defendant's deprivation (or role in the deprivation) of plaintiff's protected rights.

**Failure to file an amended complaint in the time provided will result in the dismissal of the case without prejudice without further notice to plaintiff.**

2.  It is plaintiff's responsibility to prosecute this case.  He must keep the Court informed of any change of address by filing a separate paper headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The clerk shall enclose two copies of the court's form complaint with a copy of this order to plaintiff.

DATED: February 11, 2011

JAMES WARE
United States District Chief Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID MARSHALL GATES,

        Plaintiff,

  v.

ATASCADERO STATE HOSPITAL, et al.,

        Defendants.
                                   /

Case Number: CV10-05387 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   2/11/2011  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Marshall Gates J-60908
Coalinga State Hospital
P.O. Box 5000
Coalinga, CA 93210-5000

Dated:   2/11/2011

                                            Richard W. Wieking, Clerk
/s/   By: Elizabeth Garcia, Deputy Clerk